**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | ) | |
| TRACY A. JENSON, | ) | |
|  | ) | |
| Petitioner, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 26-1304 (UNA) |
|  | ) | |
| BRYAN BEDFORD, _et al.,_ | ) | |
|  | ) | |
| Respondents. | ) | |
| _____ | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on an application from Tracy Jensen to proceed _in forma pauperis_ and a petition for a writ of mandamus. The Court grants the application to proceed _in forma pauperis_ and dismisses the petition, which appears to be yet another attempt to collect pay allegedly owed to the Petitioner from prior employment as an air traffic controller. Although the Petitioner claims that this action "is not the same issue" as other lawsuits, Pet. at 1, the petition does not explain how these claims differ from those raised and rejected in prior actions. _See Brodowy v. United States_, 482 F.3d 1370, 1374-75 (Fed. Cir. 2007) (concluding that plaintiffs, including Jenson, "were not entitled to the benefits of the two-step increase in pay received by controllers who transferred at a time when the [General Schedule] system was in effect"); _Jenson v. Huerta_, 828 F. Supp. 2d 174, 181 (D.D.C. 2011) (noting in dismissing on res judicata grounds that _Brodowy_ and Jenson's consolidated cases "clearly arise out of the same pay dispute" and that the "Federal Circuit's decision was final and made on the merits"); _see also Jenson v. Mellody_, No. 2:10-cv-0493, 2011 WL 3679142, at *1 (D. Idaho Aug. 23, 2011) (listing "twelve other actions relating to recovery of the same lost wages").

1

Mandamus relief is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). Here, the Petitioner cannot demonstrate a clear right to relief, given that the matter has been resolved on the merits elsewhere. *See Jenson v. Whitaker*, No. 25-cv-0051, 2025 WL 1167942, at *1 (D.D.C. Apr. 21, 2025) (dismissing mandamus petition where "the facts forming the basis of this action have been 'conclusively establish[ed] against [Petitioner]'") (quoting *Jenson v. Trottenberg*, No. 23-cv-2976, 2024 WL 379820, at *1 (D.D.C. Jan. 30, 2024)); *Jenson v. FAA*, No. 12-cv-0950, 2012 WL 2308156, at *1 (D.D.C. June 11, 2012) (dismissing "repetitive action with prejudice").

An Order accompanies this Memorandum Opinion.


DATE:  June 8, 2026                                    SPARKLE L. SOOKNANAN
                                                       United States District Judge